[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.] MEMORANDUM OF DECISION RE: OBJECTION TO REQUEST TO AMEND COMPLAINT
On August 22, 2000, the plaintiff, Fleet Services Corporation, filed a four-count amended complaint against the defendant, ASA Real Estate Services, alleging professional negligence, breach of contract, breach of implied covenant of good faith and fair dealing, and negligent misrepresentation, respectively. In the amended complaint, the plaintiff alleges that in 1987, Dr. Anthony Sterling purchased real property in the town of Wolcott for $80,000. That same year, Dr. Sterling financed the construction of a new home on the property by securing a note in the amount of $375,000 from CNB. The plaintiff further alleges that the note was assigned to Shawmut Bank in 1994, and then to Webster Bank on March 29, 1996.
The plaintiff alleges that on November 17, 1995, Shawmut Bank loaned Dr. Sterling and his wife $450,000 and took an open-end mortgage on the property, which would be second in priority to note held by CNB. It is further alleged that prior to entering into the second mortgage, the defendant performed an appraisal of the property at Shawmut's request and valued the property at $1,070,000. At the time of the defendant's appraisal, the property was assessed for taxation purposes by the town of Wolcott in the amount of $331,800. In the amended complaint, the plaintiff alleges that the defendant failed to properly calculate the value of the property and that the fair market value of the property is actually less than $450,000. The plaintiff asserts that but for the CT Page 13468-ai defendant's appraisal, Shawmut would not have entered into the second mortgage with the Sterlings, nor would it have advanced them the loan proceeds of $450,000. Furthermore, it is alleged that the Sterlings defaulted on both notes, and when Webster Bank foreclosed on the first note, the property was appraised at $350,000, thus leaving no equity to satisfy the second mortgage. Thus, as Shawmut's successor in interest, the plaintiff seeks to enforce its rights as holder of the second note.
On December 15, 2000, the plaintiff filed a request to amend the complaint pursuant to Practice Book § 10-60, seeking to add an additional count for breach of fiduciary duty against the defendant and a claim for punitive damages. On December 29, 2000, the defendant filed an objection to the plaintiff's request for leave to amend, and on January 12, 2001, the plaintiff filed a response to the defendant's objection.
 DISCUSSION
Generally, "[t]he plaintiff may amend any defect, mistake or informality in the writ, complaint or petition and insert new counts in the complaint, which might have been originally inserted therein, without costs, during the first thirty days after the return day." Practice Book § 10-59. "[A] party may amend his or her pleadings . . . at any time subsequent to that stated in [Practice Book § 10-59] . . . [b]y filing a request for leave to file such amendment, with the amendment appended. . . . If no objection thereto has been filed by any party within fifteen days from the date of the filing of said request, the amendment shall be deemed to have been filed by consent of the adverse party." Practice Book § 10-60(a)(3) "Whether to grant a request to amend the pleadings is a matter within the discretion of the trial court . . .Bauer v. Waste Management of Connecticut Inc., 239 Conn. 515, 521,686 A.2d 481 (1996). "While our courts have been liberal in permitting amendments . . . this liberality has limitations. Amendments should be made seasonably. Factors to be considered in passing on a motion to amend are the length of delay, fairness to the opposing parties and the negligence, if any, of the party offering the amendment. . . . The motion to amend is addressed to the trial court's discretion which may be exercised to restrain the amendment of pleadings so far as necessary to prevent unreasonable delay of the trial." (Citations omitted; internal quotation marks omitted.) Connecticut National Bank v. Voog, 233 Conn. 352,364, 659 A.2d 172 (1995). "[I]f justice to the party offering [the amendment] requires its allowance, the fact that his adversary objects is an insufficient reason to refuse permission to amend." French v. French,135 Conn. 542, 548, 66 A.2d 714 (1949). CT Page 13468-aj
In their objection to the plaintiff's request to amend the complaint, the defendant first argues that the request should be denied because the proposed amended complaint includes a new cause of action that is barred by the statute of limitations. The defendant argues that because the new count alleging breach of fiduciary duty requires the plaintiff to plead additional facts beyond those required for claims of negligence and breach of contract, and because the new count does not relate back to the original complaint, the proposed amended complaint is barred by the statute of limitations. In contention, the plaintiff argues that the amendment to the complaint is proper because the statute of limitations did not begin to run until June of 1999 when the defendant submitted an amended appraisal. The plaintiff also argues that the proposed amended complaint does not allege a new cause of action because the facts have not changed since the commencement of the suit.
"A cause of action is that single group of facts which is claimed to have brought about an unlawful injury to the plaintiff and which entitles the plaintiff to relief . . . A right of action at law arises from the existence of a primary right in the plaintiff, and an invasion of that right by some delict on the part of the defendant. The facts which establish the existence of that right and that delict constitute the cause of action. . . . A change in, or an addition to, a ground of negligenge or an act of negligence arising out of the single group of facts which was originally claimed to have brought about the unlawful injury to the plaintiff does not change the cause of action. . . . It is proper to amplify or expand what has already been alleged in support of a cause of action, provided the identity of the cause of action remains substantially the same, but where an entirely new and different factual situation is presented, a new and different cause of action is stated. . . ." (Internal quotation marks omitted.) Barrett v.Danbury Hospital, 232 Conn. 242, 263-64, 654 A.2d 748
(1995). "Our relation back doctrine provides that an amendment relates back when the original complaint has given the party fair notice that a claim is being asserted stemming from a particular transaction or occurrence, thereby serving the objectives of our statute of limitations, namely, to protect parties from having to defend against stale claims. . . . (Internal quotation marks omitted.) Id., 264.
In the present action, the issue to be addressed is whether count five of the proposed amended complaint presents "an entirely new and different factual situation." Barrett v. Danbury Hospital, supra, 232 Conn. 264. In CT Page 13468-ak the first amended complaint, filed August 22, 2000, the plaintiff alleges that "[s]ometime after November 17, 1996, ASA made corrections to the [original appraisal] and created a second version of the appraisal . . . in an attempt to correct defects and errors in the [original appraisal]." (Amended complaint, August 22, 2000, ¶ 21.) The plaintiff also alleges in the first amended complaint, that "[t]he [amended appraisal] was not provided to Shawmut prior to Shawmut entering into the Second Mortgage and advancing the sum of $450,000 to Dr. Sterling and Yolanda Sterling." (Amended complaint, August 22, 2000, ¶ 23.) It is also alleged that "[t]he [amended appraisal] was not provided by ASA to Fleet until 1999." (Amended complaint, August 22, 2000, ¶ 24.) In the proposed amended complaint, the plaintiff adds a fifth count wherein it alleges that the defendant breached their fiduciary duty. specifically, count five alleges that the defendant failed to properly appraise the subject property and failed to report the value of the property to Shawmut. In addition, the plaintiff alleges that the defendant sought to cover up the defects and mistakes in the first appraisal by issuing a second appraisal in 1999, and that the defendant failed to notify the plaintiff that the original appraisal was defective. All facts set forth in count five have been already alleged in the previous complaint. Thus, the proposed amended complaint does not present any new or different factual situations that would constitute a new cause of action.
The defendant also argues that the court should not grant the plaintiff's request to amend the complaint because the new claim for punitive damages arises from a different set of facts and because punitive damages may not be awarded absent evidence of "reckless indifference to the rights of others or intentional and wanton violation of those rights." At the outset, this court notes that "a ruling on a motion to amend should not be a vehicle to decide an issue of law." Linger v.Derusha, Superior Court, judicial district of Hartford-New Britain at Hartford, Docket No. 524104 (March 13, 1995, Corradino, J.). Additionally, the plaintiff's claim for punitve damages does not present "an entirely new and different factual situation." Barrett v. DanburyHospital, supra, 232 Conn. 264. Thus, the plaintiff's addition of a claim for punitive damages in the prayer for relief is proper and the defendant's objection may not be sustained on such grounds.
 CONCLUSION
In light of the foregoing, the defendant's objection to the plaintiff's request to amend is overruled.
CHASE T. ROGERS SUPERIOR COURT JUDGE CT Page 13468-al